UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JACQUELINE BIHN, on behalf of herself and
all others similarly situated,

    Plaintiff,

-v-

FIFTH THIRD MORTGAGE COMPANY, et al.,

    Defendants.

Case No. 3:13-cv-00057

Judge Thomas M. Rose

_____

**ENTRY AND ORDER GRANTING MAGUIRE'S MOTION FOR
JUDGMENT ON THE PLEADINGS (Doc. #18)**
_____

  This matter is a class action complaint brought by Plaintiff Jacqueline Bihn ("Bihn"), on behalf of herself and all others similarly situated, against Defendants Fifth Third Mortgage Company ("FTMC") and Maguire & Schneider, LLP ("Maguire"). Plaintiff's First Claim for Relief is for unfair debt collection practices pursuant to §§1692(e) and 1692(f) of the Fair Debt Collection Practices Act ("FDCPA") against both Defendants. Plaintiff's Second Claim for Relief is for deceptive and misleading practices under § 1345.01 of the Ohio Consumer Sales Practices Act ("OCSPA") against both Defendants. Plaintiff's Third Claim for Relief is for unjust enrichment against both Defendants. Plaintiff's Fourth Claim for Relief is for breach-of-contract against Defendant FTMC.

  Pending before the Court is Defendant Maguire's Motion for Judgment on the Pleadings

–1–

("MJOP") brought pursuant to Fed. R. Civ. P. 12(c). (Doc #18.) This Motion is now fully briefed and ripe for decision. A relevant factual background will first be set forth, followed by the applicable legal standard and analysis of the motion under Rule 12(c).

## FACTUAL BACKGROUND

In the context of an MJOP, the Court must accept as true all of the factual allegations contained in the complaint. The Court may also consider court decisions and other public records. Bihn's Complaint includes the following factual allegations:

In 1983, Bihn entered into a mortgage loan transaction with Citizens Federal Savings & Loan Association of Dayton ("Citizens Federal") with a $135,000 promissory note. In 1991, Citizens Federal changed its name to Citizens Federal FSB. In 1998, Citizens Federal FSB merged with an entity known as "Fifth Third (Western Ohio)." Bihn made all payments on the loan from April 1983 until December 2009.

On January 20, 2010, FTMC filed a foreclosure complaint against Bihn, asserting that Bihn had defaulted on the note. Maguire filed the foreclosure complaint on behalf of FTMC. In the foreclosure complaint, FTMC represented that: Citizens Federal assigned the mortgage to FTMC on November 23, 2009; FTMC was the owner and holder of the mortgage deed; and $33,136.88 was owed to FTMC.

Attached to the foreclosure complaint was a copy of the assignment between Citizens Federal and FTMC. The assignment was signed by Brad Griffith, who was identified as an Assistant Vice President of Citizens Federal on November 23, 2009. At that time, however, Brad Griffith was not an employee of Citizens Federal, but an Assistant Vice President with Fifth

–2–

Third Bank.

On May 18, 2011, FTMC obtained a foreclosure judgment against Bihn. In the foreclosure judgment, FTMC was awarded certain fees and expenses to which it was entitled under the relevant loan documents in addition to those incurred by pursuing the foreclosure action. Thereafter, FTMC and Maguire took numerous steps in an attempt to enforce the foreclosure judgment. In May 2011, Maguire filed a Notice of Sheriff's Sale in the state court, but then cancelled the sale after Bihn obtained a stay of execution of the foreclosure judgment pending appeal.

On February 17, 2012, the Court of Appeals for Montgomery County affirmed the trial court's grant of judgment to FTMC in the foreclosure action. *See Fifth Third Mortg. Co. v. Bihn,* No. 24691, 2012 WL 525580 (Ohio Ct. App. Feb. 17, 2012). On February 27, Bihn filed a motion for reconsideration in the Court of Appeals and moved to certify a conflict to the Supreme Court of Ohio, contending that there was a conflict among the Ohio Courts of Appeals regarding "whether a borrower can cure a failure to establish ownership and standing at the commencement of a foreclosure action by subsequently assigning the note and mortgage to the plaintiff named in the foreclosure complaint." Compl. at ¶ 34.

On March 8, FTMC filed an opposition to the motion for reconsideration in addition to an opposition to Bihn's motion to certify a conflict. FTMC argued that, even if there was a conflict among the Courts of Appeals, the foreclosure judgment was properly granted because FTMC was the real party in interest at the time the foreclosure action based on the 2009 assignment from Citizens Federal.

–3–

On October 31, 2012, the Ohio Supreme Court resolved the split among the appellate courts in *Federal Home Loan Mortg. Corp. v. Schwartzwald* by holding that a mortgagee cannot retroactively cure a lack of standing in a foreclosure action by executing an assignment after filing the foreclosure complaint. *See Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 979 N.E.2d 1214 (Ohio 2012). As a result of that decision, on December 5, 2012, the Ohio Supreme Court reversed the foreclosure judgment between Defendants and Plaintiff and remanded to the trial court for further proceedings consistent with *Schwartzwald*. *Fifth Third Mortg. Co. v. Bihn,* 982 N.E.2d 698 (Ohio 2012).

Bihn and other members of the class have been and continue to be threatened with foreclosure. By a Mortgage Loan Payoff Statement dated February 14, 2012, Fifth Third Bank represented that Plaintiff owed $2,578.90 in "fees currently assessed," $41,859.39 in "escrow/impound" and $1,199.42 in late charges.

**APPLICABLE LEGAL STANDARD FOR MOTION TO FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)**

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). When considering a 12(c) motion, all well-pleaded material allegations of the pleadings of the opposing party are taken as true. *Id.* Also, the well-pleaded material allegations are construed in a light most favorable to the opposing party. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, legal conclusions are not accepted as true nor are recitations of the elements of a cause of action. *Fritz*, 592 F.3d at 722. The Rule 12(c)

motion is granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law. *Id.*

## ANALYSIS

### I. First Claim for Relief Pursuant to §§ 1692(e) and 1692(f) of the FDCPA

FDCPA claims must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692(k) (1996). The point at which the statute of limitations begins to run is the moment the violation occurs without regard to when the plaintiff gained knowledge of the violation. *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 944 (N.D. Ohio 2009).

Maguire sets forth one argument in support of dismissal of this claim. Maguire argues that Bihn's FDCPA claim is barred by the statute of limitations because Bihn's claim is based upon the filing of the underlying foreclosure complaint which was served January 23, 2010. Therefore, Maguire argues, Bihn should have filed the FDCPA claim by January 23, 2011.

Bihn's FDCPA claim boils down to two central allegations. First, Bihn alleges that Maguire has, "in representing-and continuing to represent that Brad Griffith was a Vice-President of Citizens Federal; that Citizens Federal assigned the note and mortgage to Fifth Third; that the initial assignment was valid, proper and not deceptive; and that Foreclosure Judgment should be granted and upheld," the Maguire firm made "false, deceptive and misleading representations…." Second, Bihn alleges that Maguire has attempted to collect various fees which they had no right to collect.

FTMC's foreclosure involved two assignments; one in November of 2009 from Citizens

–5–

Federal to FTMC and a second made after the foreclosure complaint was filed and before judgment was entered. The Ohio Supreme Court has found that the filing of a second assignment after the filing of a foreclosure complaint but before judgment does not cure a lack of standing at the time a foreclosure complaint is filed. *Schwartzwald*, 979 N.E.2d at 1215. The Ohio Supreme Court has also reversed a decision granting foreclosure to Fifth Third on Bihn's property based upon the second assignment. *Bihn*, 982 N.E.2d 698. Fifth Third has subsequently dismissed its foreclosure action against Bihn. Finally, this Court is not aware of any ruling on the validity of the first assignment. Therefore, although the second assignment is arguably invalid, the validity of the first assignment has not been decided.

Bihn's FDCPA claim is based upon the foreclosure action and subsequent attempts to support it legally. Thus, Bihn's FDCPA claim arises out of the foreclosure action.

The foreclosure action was served on January 23, 2010. Thus, based upon the statute of limitations, Bihn should have filed this action not later than January 23, 2011. Yet, the complaint in this case was filed on February 27, 2013. Therefore, Bihn's FDCPA claim is barred by the statute of limitations for FDCPA claims.

Bihn argues that Maguire violated the FDCPA at each stage of the state court foreclosure proceedings until the Ohio Supreme Court reversal on December 5, 2012, by repeatedly making misleading representations and using deceptive means to attempt to collect the alleged debt owed by Bihn. However, this argument is unavailing.

New communications about old claims do not constitute violations of the FDCPA. *Jones v. Investment Retrievers*, LLC, No. 3:01-CV-1714, 2011 WL 1565851 at *3 (M.D. Pa. Apr. 25,

–6–

2011). Further, maintaining a lawsuit or the course of litigations is not, in itself, a continuing violation of the FDCPA. *Slorp v. Lerner, Sampson & Rothfuss*, No. 2:12-cv-498, 2013 WL 941430 at *6 (S. D. Ohio Mar. 8, 2013); *Ball v. Ocwen Loan Servicing, LLC*, No. 1:12CV0604, 2012 WL 1745479 at *4-5 (N.D. Ohio May 16, 2012). To avoid the statute of limitations, the alleged conduct must independently violate the FDCPA. *Jones*, 2011 WL 1565851 at * 3.

In this case, Bihn's FDCPA allegations entail either new communications about old claims or the maintenance of a lawsuit. Therefore, her allegations do not extend the one-year statute of limitations.

In support of her argument that her FDCPA claim is not barred by the statute of limitations, Bihn cites *Purnell v. Arrow Financial Services*, LLC, 303 F. App'x 297 (6th Cir. 2008). The claims in *Purnell*, however, did not involve court pleadings that occurred during the prosecution of a debt collection lawsuit. *Id.* In *Purnell*, monthly reports submitted by a debt collector to a credit reporting agency were considered by the Sixth Circuit to be separate harms. *Id.* The Sixth Circuit did not consider whether pleadings filed in a foreclosure action were independent violations of the FDCPA. Thus, *Purnell* is not applicable here.

Bihn made her FDCPA claim more than two years after the statute of limitations elapsed. Therefore, her FDCPA claim against Maguire must be dismissed.

**II. Second Claim for Relief Pursuant to the Ohio Consumer Sales Practices Act**

An action under the OCSPA "may not be brought more than two years after the occurrence of the violation which is subject of suit." Ohio Rev. Code Ann. § 1345.10(C) (LexisNexis 2007). Similar to Maguire's argument that Plaintiff's FDCPA claim is barred by the

–7–

statute of limitations, Maguire argues that Plaintiff's OCSPA claim is barred by the statute of limitations. Bihn argues that her OCSPA claim is not barred by the OCSPA statute of limitations for the same reasons that her FDCPA claim is not barred.

Bihn's OSCPA allegations are that she and class members were injured by Maguire's materially misleading and/or deceptive acts and practices because Bihn and class members were required to defend themselves in a foreclosure action which was improperly instituted and maintained and because she and class members are being asked to pay fees, charges and/or attorneys' fees which were not permitted by the underlying loan documents or applicable statutes.

First, whether the foreclosure action was improperly instituted and maintained turns upon, among other things, the validity of the 2009 assignment. The validity of this assignment has not yet been addressed by a court which renders this allegation a legal conclusion.

In addition, as with the FDCPA claim, Bihn's OSCPA claim entails either new communications about old claims or the maintenance of a lawsuit. As a result, Bihn's OSCPA allegations do not extend the statute of limitations for OSCPA claims.

Bihn's OSCPA claim was filed on February 27, 2013. The underlying foreclosure action was served more than two years before on January 23, 2010. Thus, Bihn made her OSCPA claim more than two years after the statute of limitations elapsed. Therefore, her OSCPA claim against Maguire must be dismissed.

Maguire also argues that Plaintiff's OCSPA claim must fail on the merits. Maguire argues that FTMC is a subsidiary of Fifth Third Bank, which is a financial institution excluded

–8–

under the OCSPA, and because Maguire is an attorney representing a financial institution, Maguire is also exempt from liability under the statute. However, this Court, in considering the 12(c) Motion, cannot conclude the status of FTMC's capacity as a financial institution as defined under the statute and, as a result, cannot conclude the status of Maguire as a representative of such.

### III. Third Claim for Relief for Unjust Enrichment

It is well-settled law in Ohio that, to recover for unjust enrichment, a plaintiff must prove three elements: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambelton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). The purpose of an unjust enrichment claim "is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Johnson v. Mircrosfot Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *see also Hughes v. Oberholtzer*, 123 N.E.2d 393, 397 (Ohio 1954) ("The recovery in a quasi-contract action is...imposed...to prevent such defendant from enriching himself at the expense of the plaintiff."). As a result, in order to assert an unjust enrichment claim, a plaintiff must establish that a benefit has been conferred upon that defendant by that particular plaintiff. *See Johnson v. Microsoft Corp.*, 834 N.E.2d 791 (Ohio 2005); *see also Gaier v. Midwestern Group,* 601 N.E.2d 624, 628 (Ohio Ct. App. 1991)("It is the existence of a substantial detriment to the plaintiff, causally connected to a substantial benefit to the defendant, that makes it inequitable for the defendant to retain the benefit at the plaintiff's expense.").

Additionally, under Ohio law, a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject. *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir. 2009).

Bihn alleges that Maguire "charged and received compensation for fees and costs based on a foreclosure which had been improperly instituted…." Bihn also alleges that it "would be inequitable for Maguire to retain those amounts which Maguire and FTMC had no right to charge or collect, and Maguire has been unjustly enriched by doing so." Compl. at ¶¶ 60-63.

It has already been established that Bihn's assertion regarding the improper foreclosure is a legal conclusion which the Court need not accept. Thus, when stripping Bihn's allegations of this information, the unjust enrichment claim is premised on Maguire receiving compensation for fees and costs which would be inequitable for Maguire to retain, the supporting facts of which, do not constitute an unjust enrichment claim.

The single supporting fact that Bihn uses to illustrate that Maguire was unjustly enriched is that "Defendants charged and received compensation." *See* Compl. at ¶ 60 (stating that Defendants were compensated "for fees and costs based on a foreclosure which had been improperly instituted."); *see also* Compl. at ¶ 63 ("Upon information and belief, [FTMC] and the Maguire firm were compensated for the services they provided in connection with the purported debts owed by Bihn and other members of the prospective class. Such amounts are properly recoverable as a remedy for an unjust enrichment claim."). However, in every other allegation pertaining to fees and costs, Bihn omits any allegation that Maguire and/or FTMC actually collected, and fails to allege any supporting facts that could lead one to infer that Maguire and/or

–10–

FTMC collected. *See* Compl. at ¶¶ 40, 41, 42, 47, 51. Even if the Court accepts Bihn's single, broadly-stated factual allegation as true, however, Bihn's unjust enrichment claim fails.

Bihn did not plead all of the elements of an unjust enrichment claim because Bihn failed to plead that she actually conferred a benefit upon Maguire. Maguire specifically points out that Bihn has failed to satisfy the first element, requiring a benefit conferred by a plaintiff upon a defendant. The Court agrees. As previously stated, Bihn's sole factual allegation that supports the unjust enrichment claim is a vague statement that Maguire was compensated in connection with debts owed by her. *See* Compl. at ¶ 63. Nowhere in the Complaint, however, does Bihn allege that she herself actually paid these fees and expenses. This is further supported by the fact that Bihn states "even if no benefit was directly conferred to [Defendants] by Bihn or members of the class, damages under an unjust enrichment claim can also be measured by the profits resulting from inequitable activity, rather than any losses incurred by the plaintiff."

Bihn's allegation that Maguire "was compensated for the services it provided" is insufficient to support an inference that Maguire's compensation was in any way contingent upon fees collected from her. The Complaint thus leaves open the distinct possibility that the compensation Maguire received was not impacted by any allegedly improper fees collected from Bihn. Therefore, Bihn has failed to satisfy the "conferred a benefit" element of a prima facie case of unjust enrichment, and that claim must be dismissed as against Maguire.

### IV. Fourth Claim for Relief for Breach of Contract

Under Ohio law, the elements for a breach of contract claim are the existence of a valid contract between the parties, performance by the plaintiff, a breach by the defendant, and

resulting damages. *Pavlovich v. National City Bank,* 435 F.3d 560, 565 (6th Cir. 2006)(citing *Wauseon Plaza Ltd. Partnership v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)).

Plaintiff has not alleged the existence of a contract or privity with Maguire. In fact, Plaintiff designated in the Complaint that the breach of contract cause of action applied to FTMC, rather than all Defendants. *See* Compl. at ¶¶ 65-68. Therefore, Bihn has no breach-of-contract action against Maguire, nor has she pled one.

## CONCLUSION

Based on the foregoing, Bihn's FDCPA and OCSPA claims against Maguire are barred by the applicable statute of limitations. Further, Bihn has not pled a prima facie case of unjust enrichment against Maguire nor does she have a breach-of-contract action against Maguire. Therefore, Maguire's Motion for Judgment on the Pleadings is **GRANTED.**

**DONE** and **ORDERED** in Dayton, Ohio this Fifteenth Day of October, 2013.

                                               **s/Thomas M. Rose**
                                          _____
                                                 THOMAS M. ROSE
                                 UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of record