UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JACQUELINE BIHN, on behalf of herself and
all others similarly situated,

Case No. 3:13-cv-00057

              Plaintiff,

Judge Thomas M. Rose

-v-

FIFTH THIRD MORTGAGE COMPANY, et al.,

              Defendants.

---

**ENTRY AND ORDER GRANTING DEFENDANT FIFTH THIRD MORTGAGE COMPANY'S MOTION TO DISMISS (Doc. #11) AND TERMINATING THIS CASE**

---

This matter is a class action complaint brought by Plaintiff Jacqueline Bihn, on behalf of herself and all others similarly situated, against Defendants Fifth Third Mortgage Company ("FTMC") and Maguire & Schneider, LLP ("Maguire"). Bihn's First Claim for Relief is for unfair debt collection practices pursuant to §§ 1692(e) and 1692(f) of the Fair Debt Collection Practices Act ("FDCPA") against all Defendants. Bihn's Second Claim for Relief is for deceptive and misleading practices under § 1345.01 of the Ohio Consumer Sales Practices Act against all Defendants. Bihn's Third Claim for Relief[1] is for unjust enrichment against all Defendants. Binh's Fourth Claim for Relief is for a breach of contract against Defendant FTMC.

---

[1] Bihn, in enumerating Claims for Relief, omitted a Third Claim for Relief and instead included (probably mistakenly) only a First, Second, Fourth, and Fifth Claim for Relief. *See* Compl. ¶ 48-59. For clarity purposes, the "Third Claim for Relief" in this Order refers to the "Fourth Claim for Relief" identified in the Complaint, and the "Fourth Claim for Relief" in this Order refers to the "Fifth Claim for Relief" identified in the Complaint.

Pending before the Court is Defendant FTMC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc #11.) This Motion is now fully briefed and ripe for decision. A relevant factual background will first be set forth, followed by the applicable legal standard and analysis of the motion to dismiss under Rule 12(b)(6).

## FACTUAL BACKGROUND

In the context of a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. Bihn's Complaint includes the following factual allegations:

In 1983, Bihn entered into a mortgage loan transaction with Citizens Federal Savings & Loan Association of Dayton ("Citizens Federal") with a $135,000 promissory note. In 1991, Citizens Federal changed its name to Citizens Federal FSB. In 1998, Citizens Federal FSB merged with an entity known as "Fifth Third (Western Ohio)." Bihn made all payments on the loan from April 1983 until December 2009.

On January 20, 2010, Defendant FTMC filed a foreclosure complaint against Bihn, asserting that Bihn had defaulted on the note. Defendant Maguire filed the foreclosure complaint on behalf of FTMC. In the foreclosure complaint, Defendants represented that: Citizens Federal assigned the mortgage to FTMC on November 23, 2009; FTMC was the owner and holder of the mortgage deed; and $33,136.88 was owed to FTMC.

Attached to the foreclosure complaint was a copy of the assignment between Citizens Federal and FTMC. The assignment was signed by Brad Griffith, who was identified as an Assistant Vice President of Citizens Federal on November 23, 2009. At that time, however, Brad

Griffith was not an employee of Citizens Federal, but an Assistant Vice President with Fifth Third Bank.

On May 18, 2011, FTMC obtained a foreclosure judgment against Bihn. In the foreclosure judgment, Defendants were awarded certain fees and expenses to which they were entitled under the relevant loan documents in addition to those incurred by pursuing the foreclosure action. Thereafter, Defendants took numerous steps in an attempt to enforce the foreclosure judgment. In May 2011, Defendants filed a Notice of Sheriff's Sale in the state court, but then cancelled the sale after Bihn obtained a stay of execution of the foreclosure judgment pending appeal.

On February 17, 2012, the Court of Appeals for Montgomery County affirmed the trial court's grant of judgment to FTMC in the foreclosure action. *See Fifth Third Mortg. Co. v. Bihn,* 2012-Ohio-637 (Ohio Ct. App. 2012). On February 27, Bihn filed a motion for reconsideration in the Court of Appeals and moved to certify a conflict to the Supreme Court of Ohio, contending that there was a conflict among the Ohio Courts of Appeals regarding "whether a borrower can cure a failure to establish ownership and standing at the commencement of a foreclosure action by subsequently assigning the note and mortgage to the plaintiff named in the foreclosure complaint." Compl. at ¶ 34.

On March 8, Defendants filed an opposition to the motion for reconsideration in addition to an opposition to Bihn's motion to certify a conflict. Defendants argued that even if there was a conflict among the Courts of Appeals, the foreclosure judgment was properly granted because FTMC was the real party in interest at the time the foreclosure action based on the 2009 assignment from Citizens Federal.

On October 31, 2012, the Ohio Supreme Court resolved the split among the appellate courts in *Fed. Home Loan Mortg. Corp. v. Schwartzwald* by holding that a mortgagee cannot retroactively cure a lack of standing in a foreclosure action by executing an assignment after filing the foreclosure complaint. *See Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 979 N.E.2d 1214 (Ohio 2012). As a result of that decision, on December 5, 2012, the Ohio Supreme Court reversed the foreclosure judgment between Defendants and Bihn and remanded to the trial court for further proceedings consistent with *Schwartzwald*.

The Court takes judicial notice that the foreclosure complaint filed in the Court of Common Pleas for Montgomery County, Ohio by FTMC against Thomas J. Bihn (case no. 2010CV00476) has been dismissed by FTMC. Thus, the remanded case (foreclosure complaint) was dismissed at the trial court before any further action was taken by the trial court.

Bihn and other members of the class have been and continue to be threatened with foreclosure. By a Mortgage Loan Payoff Statement dated February 14, 2012, Fifth Third Bank represented that Bihn owed $2,578.90 in "fees currently assessed," $41,859.39 in "escrow/impound" and $1,199.42 in late charges.

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

**I. Applicable Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F. 2d 635, 638 (6th Cir. 1993)(citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987)).  Put another way, "the purpose

of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004). Further, for purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not enough. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. However, the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S.Ct. at 1965(citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). The factual allegations in the complaint, even if doubtful in fact, must do something more than merely create a suspicion of a legally cognizable right. *Id.*

However, the Supreme Court has held that:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Twombly*, 550 U.S. at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation"). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that

-5-

> states a plausible claim for relief survives a motion to dismiss. *Id.,*
> at 556. Determining whether a complaint states a plausible claim
> for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on
> its judicial experience and common sense. 490 F.3d at 157-158.
> But where the well-pleaded facts do not permit the court to infer
> more than the mere possibility of misconduct, the complaint has
> alleged -- but it has not "show[n]" -- "that the pleader is entitled to
> relief." Fed. Rule Civ. Proc. 8(a)(2).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (2009).

The Sixth Circuit has also noted that to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Columbia Natural Resources, Inc. v. Tatum*, 58 F. 3d 1101 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). The Court "need not accept as true legal conclusions or unwarranted factual inferences*." Morgan v. Church's Fried Chicken,* 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*

In evaluating whether the plaintiff has stated a cognizable claim, the court generally may not consider matters outside of the pleadings. *See Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989). To this effect, Rule 12(b) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed R. Civ. P. 12(b).

The Sixth Circuit has clarified the scope of what the court may consider without reaching 'matters outside of the pleadings.'  Generally speaking, while a plaintiff is not required to attach to the complaint documents upon which his action is based, Fed. R. Civ. P. 10(c) considers "[a] copy of any written instrument which is an exhibit to a pleading . . . a part thereof for all purposes." *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. Ohio 1997), *see also* Fed R. Civ. P. 10(c).  In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 89.  This acts as a protection for the defendant, without which "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied. *Id.* (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. Pa. 1993)).  Under these circumstances, the court may consider the extraneous document without requiring the conversion of the motion to one for summary judgment. *Id.*

Notwithstanding, the ability of a court to consider supplementary documents is not without limitations.  The Sixth Circuit has explained that "[w]hile documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference, it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms.*, Inc., 672 F.3d 396, 400 (6th Cir. 2012) (citations, internal quotation marks, and alterations omitted).  Put otherwise, if the authenticity, validity, or enforceability of a document is not in dispute, the court may consider it on a motion to dismiss; but a genuine dispute as to the legal sufficiency of said document requires the court

to consider the issue under a motion for summary judgment standard. *Id.*, *see also Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783, 796-797 (6th Cir. 2012).

## II. Analysis

Bihn's First, Second, Third, and Fourth Claims for Relief are dismissed under Rule 12(b)(6) because she has failed to allege enough well-pleaded facts to support claims upon which relief can be granted.

### A. Bihn's First Claim for Relief Pursuant to §§ 1692(e) and 1692(f) of the FDCPA

Bihn's FDCPA claim boils down to two central allegations. First, Bihn alleges that the Defendants have, "in representing–and continuing to represent–that Brad Griffith was a Vice-President of Citizens Federal; that Citizens Federal assigned the note and mortgage [FTMC]; that the initial assignment was valid, proper and not deceptive; and that Foreclosure Judgment should be granted and upheld[,] [FTMC] and the Maguire firm made 'false, deceptive, and misleading representations' in violation of the first sentence of § 1692(e) of the FDCPA, and in violation of § 1692(e)(5)." Compl. ¶ 47. Second, Bihn alleges that "[FTMC] and the Maguire firm have attempted to collect amounts for attorneys' fees, service of process fees, title fees, preliminary judicial reports, final judicial reports, late fees and other costs and fees from [P]laintiff which they had no right to collect, in violation of § 1692(e)(2) and § 1692(f)(1) of the FDCPA. Compl. ¶ 48.

### 1. The FDCPA

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent state action to protect

consumers against debt collection abuses." 15 U.S.C § 1692 (1996). The first sentence of §
1692(e) of the FDCPA states that "[a] debt collector may not use any false, deceptive, or
misleading representation or means in connection with the collection of any debt." 15 U.S.C. §
1692(e) (1996). Section 1692(e)(5) states that "[t]he threat to take any action that cannot legally
be taken or that is not intended to be taken" is conduct in violation of § 1692(e).  15 U.S.C. §
1692(e)(5) (1996).  Section 1692(e)(2) states that "[t]he false representation of the character,
amount, or legal status of any debt; or any services rendered or compensation which may be
lawfully received by any debt collector for the collection of a debt" is conduct in violation of §
1692(e). 15 U.S.C. § 1692(e)(2) (1996). Section 1692(f) of the FDCPA states that "[a] debt
collector may not use unfair or unconscionable means to collect or attempt to collect any debt."
15 U.S.C § 1692(f) (1996).

The FDCPA applies to entities who are considered "debt collectors." *See Montgomery v.
Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) ("As a matter of law, liability under §§
1692e can only attach to those who meet the statutory definition of a 'debt collector.'"). The
term "debt collector" is defined by the Act as "any person who uses any instrumentality of
interstate commerce or the mails in any business the principal purpose of which is the collection
of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or
due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6) (1996).

The FDCPA also creates eight specific exemptions from the definition of "debt
collector," two of which FTMC bases its argument. Exempted from the definition "debt
collector" is "any person while acting as a debt collector for another person, both of whom are
related by common ownership or affiliated by corporate control, if the person acting as a debt

collector does so only for persons to whom it is so related or affiliated and if the principal

business of such person is not the collection of debts." 15 U.S.C. § 1692(a)(6)(B) (1996). Also

exempted from the definition of "debt collector" is "any person collecting or attempting to

collect any debt owed or due or asserted to be owed or due another to the extent such activity . . .

(ii) concerns a debt which was originated by such person . . . [or] (iii) concerns a debt which was

not in default at the time it was obtained by such person." 15 U.S.C. § 1692(a)(6)(F) (1996).

FTMC argues that it is expressly excluded from the definition of a debt collector under the

exemptions in §§ 1692(a)(6)(B) and 1692(a)(6)(F), and therefore not subject to liability under

the FDCPA.

## 2. FTMC's Arguments

First, FTMC alleges it is a wholly-owned subsidiary of Fifth Third Bank, and as a result

of this, the FDCPA does not apply because Fifth Third Bank was the corporate successor to the

original lender, Citizens Federal. Put another way, FTMC argues that because it was collecting a

debt owed to Fifth Third Bank, its parent company, FTMC does not fall within the definition of

"debt collector" and is instead exempt from the definition of "debt collector" as prescribed in §

1692(a)(6)(B). In support of its argument, FTMC contends that the Court may take judicial

notice of the 1998 merger between Citizens Federal and Fifth Third Bank. Bihn, however,

contends that the documents filed with the Ohio Secretary of State show a merger with an entity

known as "Fifth Third (Western Ohio)." Whether this is a matter of semantics or a true

illustration of two separate entities is not before this Court to decide in a Rule 12(b)(6) motion to

dismiss.  Because there is a genuine dispute as to the legal sufficiency of such documents, the

Court would instead be  required to consider the issue under a motion for summary judgment

standard. *Mediacom Se. LLC v. BellSouth Telecomms.*, Inc., 672 F.3d 396, 400 (6th Cir. 2012); *see also Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783, 796-797 (6th Cir. 2012). Thus, whether the FTMC is exempt from the definition of "debt collector" based on § 1692(a)(6)(B) is not something this Court can decide at this time.

FTMC's second argument is that, because FTMC obtained the debt before default, FTMC does not fall within the definition of "debt collector" and is instead exempt from the definition of "debt collector" as prescribed in § 1692(a)(6)(F). To support its argument, FTMC alleges that, because Citizens Federal and Fifth Third Bank are effectively the same entity, the 2009 assignment between Citizens Federal and FTMC was valid and FTMC therefore obtained the loan while it was still current. Whether FTMC obtained the loan prior to default is not an appropriate decision to be made by the Court on a 12(b)(6) motion. Because this Court must consider matters contained within the Complaint as true, and because this Court may not take judicial notice of Defendant's proposed facts as indicated above, this Court cannot conclude as a matter of law whether Defendant is exempt from the definition of "debt collector" based on § 1692(a)(6)(F).

### 3. Conclusion On FDCPA Claim

This Court does conclude, however, that Bihn has failed to allege enough facts in the Complaint to show or give rise to the inference that FTMC is a "debt collector" and consequently show or give rise to the inference that the FDCPA is applicable. In support of the FDCPA claim, Bihn has alleged the Defendants to be "debt collectors" by couching legal conclusions as factual allegations. The Court is not bound to accept such conclusory statements as true.

In order to bring the FDCPA cause of action, Bihn attempts to establish the Defendants as debt collectors by its sole allegation that "Fifth Third and the Ma[G]uire firm are debt collectors subject to the FDCPA." Compl. ¶ 46. Bihn fails to allege any accompanying facts that suggest the Defendants to be in the business, the "principal purpose of which is the collection of any debts," or that the Defendants "regularly collect or attempts to collect...debts owed or due or asserted to be due or due another." 15 U.S.C. § 1692(a)(6) (1996). Thus, Bihn's allegation, which is used to serve as the single illustration that Defendants are "debt collectors," amounts to a threadbare recital of an element to the FDCPA cause of action.

Bihn also repeatedly asserts that the FTMC obtained an improper foreclosure judgment against Binh and had no right to commence such an action against Bhin due to a lack of standing. *See* Compl. at ¶¶ 23, 39, 40, 41, 47 ("As a result of...deliberate misrepresentations, defendant...did not own the mortgage as of the commencement of the Foreclosure action...and had no right to commence the action..." "...foreclosure by means of a judgment which was improperly obtained..." "Because the false misrepresentations made by defendants rendered the Foreclosure Judgment invalid...defendants had no right to demand or attempt to collect..." "Defendants have demanded...various fees and expenses in connection with the foreclosure which they have no right to collect..."). If the Court could accept these allegations as true, Bihn might be able to meet the appropriate pleading threshold to survive a 12(b)(6) motion. However, this Court will not accept as true Bihn's legal conclusions that pertain to FTMC's standing in the foreclosure suit, nor will it entertain Bihn's legal conclusions concerning the validity of the foreclosure judgment. These legal conclusions are not entitled to be granted truth.

Bihn's argument essentially can be re-stated as follows:

-12-

The 2009 assignment from Citizens Federal to FTMC, which occurred before default, was invalid because it was made by an officer of Fifth Third Bank rather than Citizens Federal, an entity that no longer existed. Because the assignment was invalid, FTMC had not obtained the debt before Bihn defaulted on it just one month later. Because the Defendant did not obtain the debt before default, the Defendant improperly instituted the foreclosure action without standing and thus obtained an improper foreclosure judgment.

Bihn's argument relies on the Ohio Supreme Court rulings in *Federal Home Loan Mortgage Corp. v. Schwartzwald* 979 N.E.2d 1214 and *Fifth Third Mortg. Co. V. Bihn,* 982 N.E.2d 698 ("*Bihn II*"). *Schwartzwald* considered "whether a lack of standing or a real party in interest defect could be cured by the assignment of the mortgage prior to the judgment." *Schwartzwald*, 979 N.E.2d 1214, 1216 (Ohio 2012). The court held that "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." *Id.* After *Schwartzwald* was announced, the Ohio Supreme Court in *Bihn II* reversed *Fifth Third Mortg. Co. v. Bihn,* 2012-Ohio-637 (Ohio Ct. App. 2012) ("*Bihn I*"), the holding of the Court of Appeals for Montgomery County which affirmed the trial court's grant of judgment to FTMC in the foreclosure action. The *Bihn II* decision consisted of one sentence: "The judgment of the court of appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent with [*Swartzwald*]." *Bihn II*, 982 N.E.2d 698.

In light of these Ohio Supreme Court decisions, Bihn's allegations of FTMC's improper foreclosure judgment and standing are legal conclusions–couched as factual allegations–at this point in time. The reason for this is that the appeals court in *Bihn I* did not expressly rule on the validity of the 2009 assignment between Citizens Federal and FTMC. Instead, the *Bihn I* court concluded that the second assignment executed between FTMC and Fifth Third Bank–which

occurred after the action's commencement, but before the judgment–sufficed to give the FTMC standing in the foreclosure suit. *Bihn I*, 2012-Ohio-637 (Ohio Ct. App. 2012). Because the *Bihn I* court did not consider the validity of the first assignment, there has been no definitive legal determination as to whether or not FTMC had standing. The fact that the Ohio Supreme Court reversed and remanded *Bihn I* is only relevant insofar as it ruled that the *second* assignment was not, as a matter of law, sufficient to give the FTMC standing. The *Bihn II* decision thus does not preclude a trial court from finding that the first assignment was valid. Therefore, Bihn's allegations that the FTMC improperly foreclosed upon Bihn and lacked standing to bring the suit is based solely on legal conclusions.

Because Bihn has failed to allege facts to show or give rise to the inference that FTMC is a "debt collector" and therefore subject to the FDCPA, Bihn has failed to meet a sufficient standard of pleading to survive a 12(b)(6) motion to dismiss. Bihn's FDCPA claim against FTMC must therefore be dismissed.

**B.Bihn's Second Claim for Relief Pursuant to the Ohio Consumer Sales Practices Act**

The OCSPA provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." A "consumer transaction" is defined by the statute as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual." Ohio Rev. Code Ann. § 1345.01(A) (LexisNexis 2007). The statute also provides that the term "consumer transaction" does not include transactions between persons defined in § 5725.01 of the Revised Code and their customers, which includes "financial institutions," defined as national bank associations, savings and loan associations, state banks, trust companies, and other banking institutions. *Id.*; Ohio Rev.

-14-

Code Ann. § 5725.01 (LexisNexis 2013).

### 1. Applicability of OCSPA

FTMC argues that Bihn's OCSPA claim must be dismissed because the OCSPA's definition of "consumer transaction" contains an express exclusion to FTMC because of FTMC's status as a subsidiary of a financial institution, Fifth Third Bank. Bihn responds that subsidiaries of financial institutions are not exempt solely by virtue of their status as subsidiaries, and further, that even financial institutions may be subject to OCSPA liability if they are not acting within the capacity of a financial institution in a particular transaction. However, aside from concluding Defendants to be acting within the capacity of "debt collectors" in Bihn's FDCPA claim, Bihn fails to allege specific facts as to whether the Defendants were acting in additional capacities other than financial institutions. As previously determined, Binh's "debt collector" classification is based on legal conclusions that stem from an incorrect reading of *Bihn II*. Whether the Defendants obtained an improper foreclosure judgment and therefore could have acted as a "debt collector" is to be determined by a trial court. Thus, the resolution of whether FTMC is exempt from the OCSPA by virtue of Fifth Third Bank's status as a financial institution depends upon matters outside the pleadings and, therefore, cannot be considered in the disposition of a 12(b)(6) motion.

Additionally, FTMC claims that the Ohio Supreme Court's May 14, 2013 decision precludes Bihn's OCSPA claim. In *Anderson v. Barclay's Capital Real Estate, Inc.,* 2013-Ohio-1933, the court held that the servicing of a borrower's residential mortgage loan does not constitute a "consumer transaction" as defined by the OCSPA. *Anderson v. Barclay's Capital Real Estate, Inc.,* 2013-Ohio-1933. FTMC argues that Bihn "does not allege...any actions by

[FTMC] other than those described in *Anderson* as exempt from the [O]CSPA," which FTMC describes as "activities that relate to 'management of loans in default' described in *Anderson*." (Doc 17). Put another way, Bihn's only allegations that pertain to OCSPA applicability are precisely acts that have been permitted by *Anderson*, which include FTMC's prosecution of the foreclosure and performance of actions incidental to the foreclosure. However, these actions are alleged by Bihn in light of an alleged improper foreclosure, which distinguishes this case from *Anderson*, where improper foreclosure was not at issue. Thus, FTMC's use of *Anderson* does not apply to the case at bar.[2] Whether FTMC obtained an improper foreclosure is yet to be decided by a trial court, so this Court declines to apply FTMC's *Anderson* analysis. Therefore, the resolution of whether FTMC is exempt from the OCSPA depends upon matters outside the pleadings and, thus, cannot be considered in the disposition of a 12(b)(6) motion.

## 2. Alleged Violation of OCSPA

Even if Bihn met the burden of pleading the applicability of the OCSPA, Bihn has failed to allege enough facts that constitute a violation of the statute. Bihn alleges that FTMC's actions are "unfair and deceptive practices...as the acts and practices are materially deceptive and misleading and deceived plaintiffs," which therefore violates the OCSPA. Compl. at ¶ 50. Bihn argues that the Defendants' materially misleading and/or deceptive acts injured the members of the class because, "i) [the class members] were required to defend themselves in a foreclosure action which was improperly instituted and maintained by the [D]efendants; [and] ii) [the class members] are being asked to pay fees, charges and/or attorneys' fees which were not permitted

---

[2] It should once again be noted that Bihn's improper foreclosure argument is not well-taken by this Court, as it is a mere legal conclusion posited as a factual allegation.

by the underlying loan documents or applicable statutes." Compl. at ¶ 51.

Bihn does not allege specifically which "materially misleading and/or deceptive" acts by the Defendants constituted unfair and deceptive practices. However, Bihn supplements the allegations in the Complaint with illustration of Ohio case law concerning OCSPA violations due to "fraudulently initiating or procuring a judgment" and "the attempt to recover attorneys fees or other fees prohibited from being passed on." Compl. at ¶ 53. From this, the Court can infer that the materially misleading and/or deceptive acts to which Bihn refers in the Complaint include the same alleged improper foreclosure upon which Bihn bases the FDCPA claim. As discussed in the previous section of this Order, these allegations are nothing more than legal conclusions. *See* Compl. at ¶¶ 52-58 (conclusively stating an OCSPA violation without illustrating specific acts which gave rise to the violation). Therefore, because Bihn's allegations of Defendants' "misleading and/or deceptive acts" in violation of the OCSPA are illustrated solely by legal conclusions, Bihn has not sufficiently pled enough facts to support an OCSPA claim.

### 3. Conclusion On OCSPA Claim

Bihn's OCSPA claim as to FTMC must therefore be dismissed pursuant to Rule 12(b)(6) because Bihn has failed to allege enough facts to show that the OCSPA even applies to FTMC, and further fails to allege enough facts which constitute a violation of the statute.

### C. Bihn's Third Claim for Relief for Unjust Enrichment

### 1. Relevant Legal Provisions

It is well-settled law in Ohio that, to recover for unjust enrichment, a plaintiff must prove three elements: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the

defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ('unjust enrichment')." *Hambelton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). The purpose of an unjust enrichment claim "is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Johnson v. Mircrosoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *see also Hughes v. Oberholtzer*, 123 N.E.2d 393, 397 (Ohio 1954) ("The recovery in a quasi-contract action is...imposed...to prevent such defendant from enriching himself at the expense of the plaintiff."). As a result, in order to assert an unjust enrichment claim, a plaintiff must establish that a benefit has been conferred upon that defendant by that particular plaintiff. *See Johnson v. Microsoft Corp.*, 834 N.E.2d 791 (Ohio 2005); *see also Gaier v. Midwestern Group,* 601 N.E.2d 624, 628 ("It is the existence of a substantial detriment to the plaintiff, causally connected to a substantial benefit to the defendant, that makes it inequitable for the defendant to retain the benefit at the plaintiff's expense.").

Under Ohio law, a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject. *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 799 (6th Cir. 2009). Said another way, under Ohio law, "unjust enrichment claims may be pled in the alternative to a breach of contract claim when the existence of a contract is in dispute." *Carlquist v. Wells Fargo Bank, N.A.*, No. 1:12 CV 0203, 2012 WL 3815646 at *6 (N.D. Ohio Sept. 4, 2012).

### 2. Bihn's Allegations

Bihn alleges that the Defendants "charged and received compensation for fees and costs based on a foreclosure which had been improperly instituted," and that it "would be inequitable

-18-

for [D]efendants to retain those amounts which the Defendants had no right to charge or collect, and Defendants have been unjustly enriched by doing so." Compl. at ¶¶ 60-63. It has already been established that Bihn's assertions regarding the improper foreclosure are legal conclusions which the Court does not accept. Thus, when stripping Bihn's allegations of this information, the unjust enrichment claim is premised on FTMC receiving "compensation for fees and costs...[which]...would be inequitable for [D]efendants to retain," the supporting facts of which, do not constitute an unjust enrichment claim.

The single supporting fact that Bihn uses to illustrate that FTMC was unjustly enriched is that "Defendants charged and received compensation." *See* Compl. at ¶ 60 (stating that Defendants were compensated "for fees and costs based on a foreclosure which had been improperly instituted."); *see also* Compl. at ¶ 63 ("Upon information and belief, [FTMC] and the Maguire firm were compensated for the services they provided in connection with the purported debts owed by Bihn and other members of the prospective class. Such amounts are properly recoverable as a remedy for an unjust enrichment claim."). However, in every other allegation pertaining to fees and costs, Bihn omits any allegation that Defendants actually collected, and fails to allege any supporting facts that could lead one to infer that Defendants collected. *See* Compl. at ¶¶ 40, 41, 42, 47, 51.  Even if the Court accepts Bihn's single, broadly-stated factual allegation as true, however, Bihn's unjust enrichment must fail.

### 3. FTMC's Arguments

FTMC argues that, because Bihn's mortgage loan is governed by contract, Bihn cannot recover  under a claim of unjust enrichment because Ohio law precludes such recovery when there is a written contract concerning the subject matter of this dispute. Bihn responds that she

pled unjust enrichment in the alternative, claiming that unjust enrichment may be brought in the

event the court finds that there was no valid contract or that the contract did not address the

issues in dispute. Bihn is correct in citing Ohio's rule of law and cases in support thereof. *See,*

*e.g., Astar Abatement, Inc. v. Cincinnati City Sch. Dist.*, 2012 U.S. Dist. LEXIS 18422, *14

(S.D. Ohio Feb. 14, 2012) ("several courts have allowed a plaintiff to plead unjust enrichment in

the alternative to a breach of contract where *there is a dispute as to the existence or*

*enforceability of the contract*) (emphasis added); *Roshong v. Fitness Brands*, 2012 U.S. Dist.

LEXIS 74730, *10-11 (N.D. Ohio May 24, 2012) ("Plaintiffs state that they pled unjust

enrichment in the alternative, in case this court finds there was *no valid contract between*

*[defendant] and plaintiffs.*") (emphasis added). However, Bihn has not alleged any dispute as to

the existence or enforceability of a contract. In fact, Bihn has asserted a breach of contract as the

Fourth Claim for Relief (s*ee* Compl. at ¶¶ 41-42, 66-68), and FTMC does not challenge the

existence of an agreement with Bihn. Thus, Bihn has not alleged enough facts to support an

unjust enrichment claim to be pled in the alternative.

 FTMC's second argument is that Bihn did not plead all of the elements of an unjust

enrichment claim because Bihn failed to plead that she actually conferred a benefit upon FTMC.

FTMC specifically points out that Bihn has failed to satisfy the first element, requiring a benefit

conferred by a plaintiff upon a defendant. The Court agrees. As previously stated, Bihn's sole

factual allegation that supports the unjust enrichment claim is a vague statement that the

Defendants were compensated in connection with debts owed by Bihn. *See* Compl. at  ¶ 63.

Nowhere in the Complaint, however, does Bihn allege that she actually paid these fees and

expenses. This is further supported by the fact that Bihn states "even if no benefit was directly

-20-

conferred to [Defendants] by Bihn or members of the class, damages under an unjust enrichment claim can also be measured by the profits resulting from inequitable activity, rather than any losses incurred by the plaintiff."[3]

Bihn responds that Ohio courts and Sixth Circuit courts regularly award damages in cases involving similar equitable claims, the measurement of which is defendant's gain rather than plaintiff's loss. Specifically, Bihn cites to cases in which disgorgement serves as a remedy; however, as FTMC correctly points out, this Court has previously rejected Bihn's very argument in *Kline v. Mortgage Elec. Registration Sys.* 2011 U.S. Dist. LEXIS 31383, *15 n.4 (S.D. Ohio Mar. 28, 2011) ("[Plaintiffs] also argue...that disgorgement is a recognized remedy for an unjust enrichment claim...Herein, however, the shortcoming in the Plaintiffs'...Complaint is that they failed to allege plausible facts in support of an element of such a claim, that the plaintiffs conferred a benefit on the defendant, rather than failing to allege what remedy is available to them."). Additionally, these cases cited by Bihn do not concern claims of unjust enrichment. Bihn cites cases that instead concern money laundering, breach of fiduciary duty, fraud, and attorney misconduct, and they have no application to the case at bar.[4]

### 4. Conclusion On Unjust Enrichment Claim

Bihn's mere allegation that FTMC "was compensated for the services it provided" is

---

[3]Bihn cites to this paragraph in support that she directly conferred a benefit on FTMC. *See* (Doc #14). Not only does this buttress FTMC's argument thatBihn has not conferred a benefit on FTMC; it also is a legal conclusion which this Court is not bound to accept as factual under Rule 12(b)(6).

[4] Further, in making the argument that courts award damages in cases involving similar equitable claims, Bihn has not pled facts that show entitlement to this kind of relief. Instead, Bihnsolely cites a list of cases, which do not support recovery under unjust enrichment, omitting any factual support.

insufficient to support an inference that FTMC's compensation was in any way contingent upon fees collected from Bihn. The Complaint thus leaves open the distinct possibility that the compensation FTMC received was not impacted by allegedly improper fees collected from Bihn. Therefore, Bihn has failed to satisfy the "conferred a benefit" element of a prima facie case of unjust enrichment, and that claim must be dismissed as against FTMC.

## D. Bihn's Fourth Claim for Relief for Breach of Contract

Under Ohio law, the elements for a breach of contract claim are the existence of a valid contract between the parties, performance by the plaintiff, a breach by the defendant, and resulting damages. *Pavlovich v. National City Bank,* 435 F.3d 560, 565 (6th Cir. 2006) (citing *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 807 N.E.2d 953, 957 (Ohio Ct. App. 2004)).

Bihn alleges that FTMC has charged fees, expenses, and costs of collection which were not permitted under agreements entered into between Bihn and Defendants, and as a result, FTMC has breached these agreements to the detriment of Bihn. Bihn offers no facts as to the nature of alleged agreements. Additionally, Bihn does not offer any details of the alleged breach. Bihn's sole accusation is that "in charging alleged fees, expenses[,] and costs of collection which are not permitted under agreements...[FTMC] has breached these agreements." Compl. at ¶ 66. The remaining paragraphs of Bihn's Fourth Claim for Relief are dedicated to conclusory allegations that Bihn is "entitled" to a return of these expenses. Bihn also fails to allege facts that illustrate the "detriment" which she has suffered by virtue of the alleged breach, and therefore has not sufficiently pled the damages element. In addition, Bihn has failed to allege her own performance under the agreement. Because Bihn neither cites to the specific agreement, nor

-22-

alleges facts of the agreement in the Complaint, the Court will not address FTMC's substantive arguments regarding contract performance.

Even a liberal reading of Bihn's asserted breach of contract cannot construe her Complaint in such a way as to find the elements sufficiently pled.  The Court need not "credit a complaint's conclusory statements without reference to its factual context *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009). The failure of Bihn's Complaint to set forth facts which could create a plausible breach of contract cause of action against FTMC warrants dismissal under Rule 12(b)(6).

## CLAIMS AGAINST DEFENDANT MAGUIRE

This Order dismisses Bihn's claims solely as against Defendant FTMC and does not consider Bihn's claims as against Defendant Maguire. Maguire has filed a motion for judgment on the pleadings, and the Court will address the issues therein when the motion is fully briefed and ripe for decision.

## CONCLUSION

Bihn's First, Second, Third, and Fourth Claims for Relief against FTMC are dismissed without prejudice pursuant to Rule 12(b)(6) because Bihn has failed to allege enough facts to support claims for which relief may be granted. Therefore, Fifth Third Mortgage Company's Motion to Dismiss (Doc. #11) is **GRANTED**. All of Bihn's Claims for Relief as against FTMC are **DISMISSED** without prejudice**.**

All of Bihn's claims against the other Defendant in this matter have been previously dismiss. Therefore, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Thirtieth day of October, 2013.[5]

**s/Thomas M. Rose**

_____

THOMAS M. ROSE

UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[5]The Court acknowledges the valuable contribution and assistance of judicial extern Christina M. Spencer in drafting this opinion.