UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JACQUELINE BIHN, on behalf of herself and
all others similarly situated,

                Plaintiff,

-v-

FIFTH THIRD MORTGAGE COMPANY, et al.,

                Defendants.

Case No. 3:13-cv-057

Judge Thomas M. Rose

_____

**ENTRY AND ORDER DENYING BIHN'S MOTION FOR RECONSIDERATION (Doc. #24)**
_____

This matter was a class action complaint brought by Plaintiff Jacqueline Bihn ("Bihn"), on behalf of herself and all others similarly situated, against Defendants Fifth Third Mortgage Company ("FTMC") and Maguire & Schneider, LLP ("Maguire"). On October 30, 2013, this Court entered an Order (the "Order") dismissing Bihn's claims against FTMC without prejudice. (Doc. #22.) On November 22, 2013, Bihn filed a Motion for Reconsideration of this Order. (Doc. #24.) FTMC has filed a Memorandum In Opposition to Bihn's Motion for Reconsideration. (Doc. #25.) The time has run and Bihn has not replied. Bihn's Motion for Reconsideration is, therefore, ripe for decision.

"A district court may alter or amend a judgment under Civil Rule 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Insurance Co.*, 690 F.3d 722, 728 (6th Cir. 2012)(citing *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804,

834 (6th Cir. 1999)). Bihn now argues that it was a clear error of law for the Court to raise the issues which formed the basis for the Court's decision regarding two (2) of her claims sua sponte.  Bihn also now argues that, even if the issues had been raised by FTMC, the Court's determination that Bihn's claims are based on improper legal conclusions ignores settled authority and is clearly erroneous. Each of Bihn's arguments will be addressed seriatim.

**Was It Clear Error To Raise the Issues Which Formed the Basis for the Court's Decision?**

Bihn argues that, except in limited circumstances, courts should not determine a claim based upon arguments which were never raised by the parties, and FTMC never raised two of the arguments that formed the basis for the Court's decision on two (2) of her claims. This argument is unavailing for at least two reasons.

First, Bihn's argument that courts should not determine a claim based upon arguments which were never raised by the parties is based upon caselaw from appeals court's decisions where issues not raised in the trial court below were completely excluded. However, this Court is not an appeals court. There is nothing, and Bihn has not identified anything, that prevents a trial court that hears issues originally argued, from engaging in an independent analysis and reaching a conclusion different from that proffered by either side. Second, contrary to Bihn's assertion, the Court's conclusions were prompted by arguments raised in FTMC's briefing on whether FTMC was a "debt collector" and/or performed materially misleading or deceptive acts.

**Was It Clear Error To Determine that Bihn's Claims Are Based On Improper Legal Conclusions?**

Bihn argues that her FDCPA and OSCPA claims are supported by factual allegations in the Complaint. However, after further review, the Court again disagrees. The Court had previously dismissed Bihn's Complaint without prejudice.

The Court "re-stated" Bihn's argument in the Order with which Bihn's disagrees. Bihn asserts that her argument is not that FTMC acted improperly because it instituted the action despite not being assigned her mortgage before default but rather because FTMC had not been properly assigned the mortgage before it commenced the lawsuit against her. However, even if this were Bihn's assertion, the part of this assertion that FTMC had not been properly assigned the mortgage is an improper legal conclusion at this point. In addition, if Bihn thought the Court did not understand her Complaint, her Complaint was dismissed without prejudice and she could have sought leave of Court to amend, but did not.

## CONCLUSION

Bihn has not shown a clear error of law, identified newly discovered evidence or an intervening change in the controlling law; or has not argued that the Order should be amended to prevent manifest injustice. Therefore, Bihn's Motion for Reconsideration (doc. #24) is DENIED. The captioned cause remains terminated on the docket records of the United States District Court for the Southern District of Ohio, Western Division at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this Twenty-Seventh Day of February, 2014.

                        **s/Thomas M. Rose**
                        _____
                        THOMAS M. ROSE
                     UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record